UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | Civil Action No.  SA-11-CV-0802-XR |
| | ) | |
| DAVID P. SCHAFER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER ON MOTION FOR NEW TRIAL AND MOTION TO SET ASIDE JUDGMENT**

On this date, the Court considered Defendant David P. Schafer's Motion for New Trial and Motion to Set Aside Judgment (docket no. 17).

**I. Background**

Pursuant to Rules 55(c), 60(b)(1), and 60(b)(6), Defendant asks this Court to set aside summary judgment rendered for the Plaintiff on April 19, 2012, and to grant a new trial. Plaintiff United States of America filed suit on September 27, 2011, to recover on amounts owed by Defendant Schafer under federally guaranteed student loans. Defendant answered on November 2, 2011. On January 10, 2012, with Defendant's written consent, Plaintiff filed an Amended Complaint, to which no answer was filed. Plaintiff filed its Motion for Summary Judgment on April 2, 2012, and Defendant's response was due on April 16, 2012, pursuant to the Federal Rules of Civil Procedure and local rules. No response was filed. The motion was granted on April 19, 2012.

Defendant's attorney states that he knew about the due date, but a miscommunication with his assistant led to the due date being improperly calendared for the later date of April 20, 2012, causing the Defendant to fail to file a timely response. The docket clerk inadvertently originally

docketed the Court's order as denying the motion, but later corrected the docket entry.  Defendant

states he did not learn that the motion had actually been granted until April 25, 2012.  At this point,

Defendant communicated with Plaintiff and requested that Plaintiff not oppose his motion to set

aside the judgment.  Plaintiff obtained its abstract of judgment on May 8, 2012. Defendant filed this

motion on May 18, 2012, and Plaintiff filed a response in opposition.

## II. Applicable Legal Standard

Defendant files his motion pursuant to Rules 55(c), 60(b)(6), and 60(b)(1).  Rule 55(c) allows

a court to set aside an entry of default for good cause.  However, because the summary judgment

here was not in fact a default judgment, 55(c) is inapplicable.  *See Davis-Lynch, Inc., v. Moreno*, 667

F.3d 539, 554 (5th Cir. 2012) (holding that an order amounting to a default judgment is not

appropriate on summary judgment).  The party moving  for summary judgment has the burden of

establishing that there is no genuine dispute of material fact regardless of whether a response is filed.

*Id.* at 550.  The Court noted and applied this rule in its order granting summary judgment.

Rule 60(b)(6) is a catchall provision allowing relief from a final judgment, order, or

proceeding for "any other reason that justifies relief."  It is also inapplicable here, because relief

under this subsection is mutually exclusive of relief under other subsections of Rule 60(b), and

Defendant seeks relief based on Rule 60(b)(1).  *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 642-43

(5th Cir. 2005). Because Defendant seeks relief based on Rule 60(b)(1), he cannot also seek relief

under the catchall provision of 60(b)(6).

Rule 60(b)(1) provides that a "court may relieve a party or its legal representative from a final

judgment, order, or proceeding" for "mistake, inadvertence, surprise, or excusable neglect."  The

determination of whether neglect is excusable is "at bottom an equitable one, taking account of all

relevant circumstances surrounding the party's omission."  *Pioneer Inv. Servs. Company v.*

*Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).  Under the test for excusable neglect set

-2-

out by the Supreme Court in *Pioneer*, "the court is to consider prejudice to the opposing party, length of the delay, and reason for the delay in determining whether the claimant's neglect was excusable and the delay was made in good faith." *Silvercreek Mgmt., Inc., v. Banc of Am. Sec., LLC*, 534 F.3d 469, 472 (5th Cir. 2008).  The district court does not have to rigorously apply each of these factors in every case.  *Id.*  Excusable neglect can encompass situations in which the failure to comply with a filing deadline is attributable to negligence.  *Pioneer*, 507 U.S. at 394.  The decision to grant or deny relief under Rule 60(b) is within the sound discretion of the district court.  *Hernandez v. Thaler*, 630 F.3d 420, 428 (5th Cir. 2011).

### III. Analysis

To be entitled to an order vacating the summary judgment and permitting Defendant to respond to Plaintiff's Motion for Summary Judgment, Defendant must offer evidence that would create a question of material fact.  Because this Court in granting the original Motion for Summary Judgment previously found that Plaintiff met its burden in establishing that there was no genuine issue of material fact, Defendant must "go beyond the pleadings" and designate "specific facts" in the record "showing that there is a genuine issue for trial." *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006).  Here, Defendant argues that he has several meritorious defenses to liability for the student loans, and that not granting the relief requested would deprive him of justice, as he could be saddled with significant debt he does not owe.  Defendant states that he has continuously maintained that he does not owe all or part of the debt claimed by Plaintiff United States.  Defendant argues that payments by him of $4000 were not properly credited, and that he was previously involved in a separate suit where the accounts claimed by Plaintiff were already fully paid.  Because Defendant does appear to have some summary judgment evidence that could raise an issue of material fact, the Court will address whether the neglect in not timely responding was otherwise excusable so as to justify relief under Rule 60(b)(1).  The four factors set out in the *Pioneer* test

should be examined, while recognizing that all relevant circumstances should be considered.

### A) Danger of prejudice to the opposing party

Defendant argues that there would be no prejudice to the Plaintiff from vacating the order, as the judgment is only about a month old. Defendant further argues that the parties have substantially completed discovery and could be ready for trial quickly, or the Plaintiff could re-file its Motion for Summary Judgment. Defendant notes that a suit filed by the United States is exempt from scheduling orders and also that no trial has been set, so no deadlines would have to be changed. Plaintiff responds that it would have to incur expense to file a release of its Abstract of Judgment and also that the current Assistant United States Attorney will soon be retiring and her replacement will have little time to get up to speed on this case.

The Court finds that the danger of prejudice to the Plaintiff from allowing Defendant to respond to the Motion for Summary Judgment is minimal. The Court has already found that the Plaintiff met its burden in proving there was no genuine issue of material fact, and allowing Defendant an opportunity to present contradictory evidence will not cause prejudice. To the extent Plaintiff claims it will be prejudiced by having to pay to release its abstract of judgment, that prejudice can be cured by ordering Defendant to pay the cost.

### B) Length of delay and its potential impact on the proceedings

Defendant seems to misunderstand this aspect of the *Pioneer* test, arguing that granting the motion would not cause a lengthy delay in the case, whereas the correct inquiry is how long it took the movant to seek relief. Plaintiff concedes there was no undue delay. The Court finds there was no undue delay in this case, as Defendant filed this motion for relief from the judgment shortly after the Plaintiff filed its abstract of judgment.

### C) Reason for the delay

Defendant argues that he is not responsible for the delay, as his attorney and assistant are the

ones responsible for the error.  Defendant argues that the failure to file a timely response was the result of an error in communication between his attorney and assistant.  Defendant argues that his attorney was in fact preparing a response to be filed on April 20, 2012, but the Court granted the motion before that time so no response was filed.  Defendant argues that there is an important distinction between failure due to negligence and deliberate disregard for rules.  *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996) (finding that a miscommunication between attorneys that resulted in a late-file jury demand was excusable neglect)

Plaintiff responds that the assistant's error in calendaring the due date was a mistake but that Defendant's attorney also erred because he knew that the deadline should have been fourteen days, regardless of the actual date entered on the calendar.  Plaintiff argues that this case is analogous to *United States v. Little*, where the court did not find excusable neglect when a defendant failed to file a response due to being involved in a jury trial and having been called for jury duty.  116 F.R.D. 152, 153-54 (W.D.N.C. 1987).  The court there noted that the defendant had been duly served, the court allowed the proper amount of time before ruling on the motion, and defense counsel was aware of the deadlines.  *Id.*  Plaintiff also notes that clients may be held accountable for the mistakes of their counsel, and that Defendant himself is a practicing attorney specializing in debt collection law.

The Fifth Circuit has upheld findings of excusable neglect in situations similar to the one at hand involving errors in calendaring due dates, such as counsel accidentally entering the incorrect year into a new computer-based calendar.  *Stotter v. Univ. of Tex. at San Antonio*, 508 F.3d 812, 820 (5th Cir. 2007).  The court noted: "Given the leeway granted to district courts under this standard, the minimal delay and prejudice involved, and the excuse provided by Dr. Stotter, we conclude that the district court did not abuse its discretion in granting the motion to extend the time for filing a notice of appeal."  *Id.*  The Fifth Circuit did hold in a recent unpublished decision that the district court did not abuse its discretion in denying a Rule 60(b)(1) motion from counsel who failed to file

-5-

a response to a motion for summary judgment because she forgot to calendar the deadline for a response. *Buckmire v. Mem'l Hermann Healthcare Sys., Inc.*, 456 F. App'x 431, 432 (5th Cir. 2012). However, because the trial court is granted wide discretion in granting or denying Rule 60(b) motions and because the decision should be based on equitable considerations, this Court finds that the reason for the delay here can constitute excusable neglect.

### D) Whether the movant acted in good faith

Both Defendant and Plaintiff agree that the movant acted in good faith, but Plaintiff disagrees with Defendant's statement that the Plaintiff admitted to presenting the same promissory notes twice. Defendant emphasizes that he has fully participated in discovery, met with the Plaintiff to resolve disputes, and gave Plaintiff lengthy extensions on discovery deadlines. The Court agrees that Defendant appears to have acted in good faith. Defendant has been actively involved in the case, other than not responding to the Amended Complaint, and the failure to respond to the motion for summary judgment appears to be a simple human error.

### Conclusion

Based on the four factors discussed, and considering all relevant circumstances, the Court finds that the failure to timely respond to the motion for summary judgment is excusable neglect justifying relief from the judgment under Rule 60(b)(1). The error in entering the wrong due date into the calendar is understandable negligence, and should not prevent Defendant from being able to respond to the motion for summary judgment. Based on equitable considerations, because the amount Defendant owes under the summary judgment is large and because Defendant contends that there is an issue of material fact as to how much he owes, Defendant should be afforded an opportunity to respond to the motion.

The Court agrees with Plaintiff that the proper remedy in this situation is not to proceed directly to trial but instead to give Defendant an opportunity to respond to the Motion for Summary

Judgment.  Accordingly, Defendant's Rule 60(b)(1) Motion to Set Aside Judgment is GRANTED. The Clerk shall VACATE the Court's order granting summary judgment (docket no. 14), the judgment (docket no. 15), and the abstract of judgment (docket no. 16), and shall reinstate Plaintiff's motion for summary judgment (docket no. 13) as a pending motion.

Defendant is ordered, no later than **June 13, 2012**, to file a response to Plaintiff's original Motion for Summary Judgment, at which point the Court will reconsider the Motion for Summary Judgment.  Defendant is ordered to pay Plaintiff's expenses incurred in filing a release of its Abstract of Judgment, and file an Advisory reflecting he has done so no later than **June 13, 2012.**

SIGNED this 1st day of June, 2012.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE